**Charline WILLIAMS, Plaintiff,**

v.

**BOARD OF EDUCATION, Defendant.**

**No. 95 Civ. 9830 (JES).**

United States District Court,
S.D. New York.

Aug. 20, 1997.

Charline Williams, New York City, pro se.

Paul A. Crotty, Corp. Counsel, New York City (Steven J. Rappaport, of counsel), for Defendant Bd. of Educ.

**MEMORANDUM OPINION
AND ORDER**

SPRIZZO, District Judge.

Plaintiff *pro se* Charline Williams ("Williams") brings the instant action against defendant Board of Education (the "Board") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112 *et seq.* (the "ADA"). Pursuant to

Federal Rule of Civil Procedure 56, the Board moves to dismiss the instant action on the ground, *inter alia,* that Williams's claims are time-barred by the appropriate statutes of limitations. For the reasons set forth below, the Board's motion for summary judgment is granted.

## BACKGROUND

Williams was employed by the Board as a Substance Abuse Prevention and Intervention Specialist ("S.A.P.I.S.") until October 26, 1992, when she was discharged on the grounds of unsatisfactory attendance and job performance. *See* Deposition of Charline Williams conducted September 26, 1996 ("Williams Dep.") at 13 (attached to Defendant's Notice of Motion dated Dec. 27, 1996 ("Deft. Not. Mot.") as Exh. A); Deft. Not. Mot. Exh. H. Approximately nine months after her dismissal, Williams filed a complaint with the U.S. Department of Education Office of Civil Rights ("O.C.R.") claiming employment discrimination on the basis of age, sex and disability. *See* Discrimination Complaint Form, U.S. Dept. of Ed. dated July 23, 1993, at 2. On September 20, 1993, almost eleven months after her dismissal, the O.C.R. transferred Williams's complaint to the Equal Employment Opportunity Commission ("E.E.O.C.") on the ground that the O.C.R. did not have jurisdiction. *See* Deft. Not. Mot. Exh. L (Letter from Dawn Hyland, Acting Director of O.C.R. to Spencer Lewis, District Director of the E.E.O.C., dated September 18, 1997).

On November 2, 1993, over one year after her discharge, Williams filed charges of sex, age and disability discrimination against the Board with the New York State Division of Human Rights ("N.Y.S.D.H.R.").[1] *See* Deft. Not. Mot. Exh. N. On July 18, 1995, Williams received a right to sue letter from the

E.E.O.C. *See* Dismissal and Notice of Rights letter dated July 18, 1995 (attached as an exhibit to Complaint filed November 21, 1995 [2] ("Complaint")).

On November 21, 1995, Williams filed the instant suit, claiming that the last act of discrimination against her had occurred on October 26, 1992 when she was discharged.[3] *See* Complaint at 10.

On December 27, 1996, the Board moved for summary judgment claiming, *inter alia,* that Williams's claims were time-barred by the appropriate statutes of limitations. On January 31, 1997, counsel for defendant and plaintiff *pro se* attended a Pre–Trial Conference at which time the Court explained to Williams that she had a right to file a response to the Board's motion, which, if granted, could result in the dismissal of her action. Nevertheless, Williams failed to file a response to the Board's motion for summary judgment. On June 27, 1997, all parties appeared before the Court for Oral Argument, at which time the Court took the motion under submission.

## DISCUSSION

A plaintiff's failure to file a timely charge of discrimination with the E.E.O.C. renders that claim time-barred. *See Butts v. New York City Dept. of Hous. Preservation and Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993) (citing *Gomes v. Avco Corp.,* 964 F.2d 1330, 1332–33 (2d Cir.1992)). Although Title VII; the ADA, and the ADEA all require that charges be filed with the E.E.O.C. within 180 days after the last alleged act of discrimination has occurred, each statute contains an exception that applies where a plaintiff has initially instituted proceedings with a State or local agency that has the authority to grant or seek relief from such discriminatory

1. That same day, Williams also executed an affidavit in support of her discrimination claims with the E.E.O.C., claiming violations of the ADA, ADEA, and Title VII. *See* Deft. Not. Mot. Exh. M at 3 (Affidavit of Charline Williams sworn to November 2, 1993).

2. Williams filed her Complaint with the Pro Se Office on September 12, 1995. The Pro Se Office then filed the Complaint with the Court on November 21, 1995.

3. Although Williams incorrectly states that the alleged discriminatory acts occurred on July 23, 1993, *see* Complaint at ¶ 5, this, in fact, was the date she filed her complaint with the O.C.R. Reading the events detailed and the acts of discrimination alleged in her complaint, the Court finds that the last alleged act of discrimination occurred when Williams was terminated on October 26, 1992.

practice. *See* 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(d). This exception allows a plaintiff to file a complaint with the E.E.O.C. within 300 days after the alleged discrimination occurred or within thirty days of receipt of notice from the State or local agency that it has terminated its proceedings, whichever is earlier. *See* 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(d).

Since Williams has identified the date of the Board's last alleged discriminatory conduct against her as having occurred on October 26, 1992, the Court must use this date as the point of reference from which to measure the timeliness of Williams's claims. Since Williams's claims were not filed with the E.E.O.C. until September 20, 1993, it is clear that Williams failed to file her complaint within the 180 days afforded her by the applicable statutes.

Furthermore, Williams cannot rely upon the exception referred to above, which applies where a discrimination complaint is filed with a State or local agency, because the O.C.R., with whom she filed her claim on July 23, 1993, is a federal and not a State or local agency. In view of these circumstances, the Court need not address whether or not the O.C.R. and the E.E.O.C. had a worksharing agreement and/or a memorandum of understanding, pursuant to which Williams's filing with the O.C.R. could be deemed a "simultaneous filing" with the E.E.O.C. *See Ford v. Bernard Fineson Develop. Center,* 81 F.3d 304, 308 (2d Cir.1996). Since the O.C.R. is a federal agency and cannot be deemed a State or local agency within the meaning of the applicable 300 day extension statutes, *see* 42 U.S.C. § 2000e–5(e)(1) ("State or local agency"); 29 U.S.C. § 633(b) ("State authority"), Williams was required to file her complaint with the O.C.R. within 180 days of her termination in order for her complaint to be timely filed. *See* 29 C.F.R. § 1691.6 (1997) (with respect to Title VII claim, date complaint received by O.C.R. shall be deemed date it was received by the E.E.O.C.); 29 C.F.R. § 1640.5 (with respect to ADA claim, charge deemed filed with the E.E.O.C. on the date it is first received by the O.C.R.). This she failed to do.

The fact that Williams filed a complaint with the N.Y.S.D.H.R. does not require a different result. That claim was filed 372 days after the Board's last alleged discriminatory act. This was more than 300 days after the last discriminatory act complained of, and thus outside of the time period permitted by the aforementioned exception, even assuming that the exception was applicable. Because Williams failed to *initially institute* proceedings with the appropriate State agency, *see* 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(d), her claims are time-barred.

Finally, Williams has presented no reason why the Court should equitably toll the limitations period with respect to her claims. *See Miller v. International Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Ryan v. N.Y. State Thruway Authority,* 889 F.Supp. 70, 78 (N.D.N.Y.1995); *Meckes v. Reynolds Metals Co.,* 604 F.Supp. 598, 605–606 (N.D.Ala.1985) (citations omitted). No conduct of the Board is alleged to have delayed the filing of her claims. *See Ryan,* 889 F.Supp. at 78. Therefore, there is no basis for equitable tolling.

## CONCLUSION

For the reasons set forth above, the Board's motion for summary judgment is granted. The Clerk of Court shall enter judgment for the defendant and dismiss the above-captioned action with prejudice.

It is **SO ORDERED.**