**Cheryl NYE**

v.

**Carl ROBERTS, et al.**

**No. CIV.A. JFM–99–1797.**

United States District Court,
D. Maryland.

May 19, 2000.

Cheryl Nye, Lincoln University, PA, pro se.

Leslie R. Stellman, Blum, Yumkas, Mailman, Gutman & Denick, Barbara Strong Goss, Office of the Attorney General, Baltimore, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

Cheryl Nye has brought this action against the Board of Education of Cecil County and Carl Roberts, the Superintendent of the Cecil County Public Schools ("CCPS"). Nye contends that she was subjected to sexual harassment while she was employed as a school psychologist by the CCPS. After she filed a charge complaining of the harassment, she allegedly was constructively discharged. Defendants have filed a motion to dismiss or for summary judgment. The motion will be granted in part and denied in part.

### I.

Defendants first contend that Nye's administrative charge was untimely. The last discriminatory act set forth in her charge was alleged to have occurred on August 15, 1996. She filed her charge with the Office of Civil Rights of the United States Department of Education ("OCR"), and OCR received the charge on May 27, 1997. This was more than 180 days after August 15, 1996, but less than 300 days after that date. OCR thereafter forwarded the charge to the EEOC.

Defendants rely upon *Williams v. Board of Education,* 972 F.Supp. 248 (S.D.N.Y. 1997), in support of their position. There,

the court held that a charge filed with OCR more than 180 days but less than 300 days from the alleged act of discrimination was untimely because OCR is not a "State or local agency" within the meaning of Title VII. It is, of course, true that OCR is not a state or local agency. But that does not end the analysis. As the court in *Williams* recognized, a plaintiff has 300 days, rather than 180 days, to file a charge with the EEOC where he has filed a charge with a state or local agency having jurisdiction over discrimination claims. What the court failed to consider was that although OCR is not itself a state or local agency, under applicable law the filing of plaintiff's charge with OCR should have been deemed to be a filing with a state or local agency.

In Maryland (as in New York, where *Williams* was decided), the EEOC has a worksharing agreement with the state human relations commission.[1] That agreement provides that each of the agencies counter-designates the other "as its agent for the purpose of receiving and drafting charges." 1997 Worksharing Agreement II(A). Under this provision, a Title VII charge received by one agency is considered received by the other for the purposes of determining timeliness. *See EEOC v. Techalloy Maryland, Inc.,* 894 F.2d 676, 678–79 (4th Cir.1990); *Griffin v. City of Dallas,* 26 F.3d 610, 613 (5th Cir. 1994). Accordingly, under the worksharing agreement, if Nye's charge had been filed with the EEOC on May 27, 1997, it would have been timely.

Thus, the relevant question is whether OCR can properly be deemed to stand in

---

1. Even in a state without a worksharing agreement, the termination of the *Williams* court's analysis would have been premature. Under 29 C.F.R. § 1601.13(a)(4)(i), the EEOC is required to forward to the appropriate state agency charges that have been filed with the EEOC, and "[s]tate or local proceedings are deemed to have commenced on the date such a document is mailed or hand delivered [by the EEOC]." As a practical matter, what is different in a state where there is no worksharing agreement is that if a plaintiff initially files his charge with the EEOC more than 240 days after the act of discrimination about which he complains, he runs the risk that the state agency will not terminate its investigation within the 60–day period Title VII permits it to act. In that event, by operation of law, the plaintiff's charge cannot be deemed to have been made within 300 days (even though, in fact, it was initially lodged there). *See Mohasco Corp. v. Silver,* 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

the place of the EEOC under the worksharing agreement. An affirmative answer to this question is given by 29 C.F.R. § 1691.6(a), which provides that a complaint of employment discrimination filed with an agency (including OCR) that is duly transferred or referred to the EEOC shall be deemed a charge received by EEOC. In this case, as indicated above, OCR did refer Nye's complaint to the EEOC.[2]

## II.

■ Plaintiff claims that she was constructively discharged in retaliation for her May 27, 1997 charge of discrimination. She did not file a new charge to that effect or formally amend her existing charge.[3] However, *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992), makes clear that a plaintiff alleging retaliation arising from the filing of a Title VII charge may do so for the first time in court if the retaliation allegedly occurs while her underlying charge is pending. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147 (4th Cir.1999) and *Dennis v. County of Fairfax*, 55 F.3d 151 (4th Cir.1995), have not—as defendants argue—detracted from the *Nealon* holding.

## III.

■ Two remaining issues need be only briefly addressed. First, defendants contend that some of the acts about which Nye complains occurred more than 300 days before her charge was filed and cannot be resurrected by the "continuing violation" doctrine. That issue can be better decided after a factual record has been developed. Second, plaintiff has asserted a claim under Article 49B of the Maryland Annotated Code. It is well established that a charge under that Article can be brought only before the Maryland Commission on

**2.** I note that my conclusion appears consistent with the unpublished opinion of the Fourth Circuit in *Preston v. Virginia*, No. 91–2020, 1991 WL 156224 (4th Cir. Aug.18, 1991).

Human Relations. *See Chappell v. Southern Maryland Hosp.*, 320 Md. 483, 578 A.2d 766, 769 (1990).

A separate order effecting the rulings made in this memorandum is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 19th day of May 2000

ORDERED

1. Defendant's motion to dismiss or for summary judgment is treated for one as a motion to dismiss and is granted in part and denied in part;

2. Counts I and II of the amended complaint are *not dismissed;* and

3. Count III of the amended complaint is dismissed.

**3.** Nye did write to the EEOC during the pendency of her charge complaining of what she considered to be retaliatory acts.