**Mary R. VESTER, Plaintiff,**

v.

**William J. HENDERSON, Postmaster General, United States Postal Service, Defendant.**

**No. 1:99CV00355.**

United States District Court, M.D. North Carolina.

Dec. 4, 2001.

Knox Kent Lively, III, Greensboro, NC, for Plaintiff.

Gill P. Beck, Office of U.S. Attorney, Walter Clinton Holton, Jr., Greensboro, NC, for Defendants.

*MEMORANDUM OPINION*

OSTEEN, District Judge.

This case involves allegations by Plaintiff, a postal employee, of discrimination based on race, color, sex, and age. The case is currently before the court on Defendant's Motion for Summary Judgment. Because the court finds that Plaintiff suffered no adverse employment action that can be remedied by Title VII, Defendant's motion will be granted.

I. Factual Background

■ At the time of the allegations contained in her complaint, Plaintiff Mary R. Vester was employed by the United States Post Office at its Greensboro processing and distribution center as a Mail Processor, PS–04. On October 10, 1997, she filed a complaint with the Office of EEO Compliance and Appeals claiming that she had been discriminated against. That office summarized her complaint as follows:

> You were discriminated against on the bases of race (Caucasian), color (White), sex (Female), and age (52) when on May 7, 1997, Acting Supervisor moved 2 experienced minority clerks to 8 cases apart for no good reason and gave you twice as much mail to work as 2 majority employees in the same section; and after gave you a humiliating lecture in the office for no reason and threatened your job without union steward as requested and required.

(Letter from Office of EEO Compliance to Ms. Vester, attached to Am.Compl.) Plaintiff had no substantive objections to the complaint as summarized. The Office of EEO Compliance denied her complaint, and Plaintiff then initiated the current suit in this court.[1]

---

1. Title VII provides a specific grievance procedure for employment discrimination claims.

42 U.S.C. § 2000e–5. Plaintiff must exhaust available administrative remedies before a Ti-

## II.  Summary Judgment Standard

Summary judgment is appropriate where an examination of the pleadings, affidavits and other proper discovery materials before the court indicate that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P.  56(c). Where the evidence before the court could lead a reasonable juror to find for the nonmovant, a genuine issue of material fact exists and summary judgment is improper.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  All of the facts must be taken in the light most favorable to the non-moving party and the burden is on the moving party to establish that no material factual issues exist.

## III.  Discussion

The threshold question presented by this case is whether Defendant's alleged discriminatory conduct is actionable under Title VII's anti-discrimination provisions.  42 U.S.C. § 2000e–16(a) prohibits discriminatory practices by the federal government when it acts as an employer. Specifically, the statute states that "[a]ll personnel actions affecting employees or applicants for employment … in the United States Postal Service … shall be made free from any discrimination based on race, color, religion, sex, or national origin."  *Id.*

■  To be actionable under Title VII, the discriminatory actions must be "personnel actions" within the meaning of the statute.  The Fourth Circuit, in considering what kinds of actions are personnel actions, analogized the inquiry to that under Title VII's provisions proscribing dis-

criminatory conduct by private employers. *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981); *see also, Brown v. Brody*, 199 F.3d 446, 452 (D.C.Cir.1999) ("[W]e have held that Title VII places the same restrictions on federal and District of Columbia agencies as it does on private employers." (citation omitted)).  The court found that Title VII addresses "discrimination in what could be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating."  *Page*, 645 F.2d at 233.  This list of ultimate employment decisions is not exclusive.  *Id.* However, Title VII does not reach "interlocutory or mediate decisions having no immediate effect upon employment conditions."  *Id.*

Recently, the Fourth Circuit revisited the issue of what types of actions are actionable under Title VII in *Boone v. Goldin*, 178 F.3d 253 (4th Cir.1999).  The plaintiff in that case alleged that she was reassigned for discriminatory reasons. However, the court found that the reassignment was not actionable because it was not an adverse employment action. *Id.* at 255.  The court reasoned that reassignment could be an adverse employment action if it had a "significant detrimental effect" on the plaintiff.  *Id.* at 256.  However, this reassignment was not an adverse employment action because the plaintiff did not allege "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion."  *Id.* at 255 (citing *Page*, 645 F.2d at 233).  Further, the court found that Title VII was not intended to remedy "trivial discomforts endemic to employment."  *Id.* at 256.

tle VII case can be heard in this court.  *See Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147 (4th Cir.1999), *Edelman v. Lynchburg College*, 228 F.3d 503 (4th Cir.2000).

Therefore, any claims not included in Plaintiff's initial EEO complaint will not be considered.

■ Applying the above principles to the facts of this case, it is clear that Plaintiff has not suffered any adverse employment action of the type actionable under Title VII. On one *occasion*, Plaintiff was moved from the case she was working on to an adjacent case, and on another occasion was reprimanded by a supervisor. She was not discharged or demoted, her salary and benefits were not curtailed, neither her job title nor responsibilities were changed, and her opportunities for promotion were not reduced. She suffered merely a trivial discomfort not actionable under Title VII.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment will be granted.

A judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### *JUDGMENT*

For the reasons set forth in the memorandum opinion entered contemporaneously herewith,

IT IS ORDERED that Defendant's Motion for Summary Judgment [19] is granted.