**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2219**

JORDAN M. TONKIN,

                    Plaintiff - Appellant,

          v.

SHADOW MANAGEMENT, INC., d/b/a Platinum Plus,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., Senior
District Judge.   (3:12-cv-00198-JFA)

Submitted:  May 14, 2015              Decided:  June 2, 2015

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lovic A. Brooks, III, JANIK, L.L.P. Columbia, South Carolina,
for Appellant.  Christopher Scot McDonald, Richard James Morgan,
MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan M. Tonkin appeals the district court's order dismissing her Title VII retaliation claim for failure to exhaust her administrative remedies. On appeal, Tonkin asserts that the district court erred in finding that failure to exhaust her administrative remedies deprived the court of subject matter jurisdiction, and that it erred in finding her retaliation claim did not relate back to her original EEOC charge in which she alleged only pregnancy discrimination.

The failure of a plaintiff to exhaust her administrative remedies with the EEOC deprives the federal courts of subject matter jurisdiction over the claim. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Id. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). The plaintiff bears the burden of proving subject matter jurisdiction. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). We review a dismissal for lack of subject matter

2

jurisdiction de novo. Taylor v. Kellogg Brown & Root Servs., Inc., 658 F.3d 402, 408 (4th Cir. 2011).

Applying this standard, we conclude that the district court properly determined that Tonkin failed to exhaust her administrative remedies. Her initial EEOC charge alleged only pregnancy discrimination, and did not contain any facts involving retaliation. See Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir. 1999). Additionally, Tonkin had knowledge of the factual basis for her retaliation claim before she filed her charge with the EEOC. Moreover, her discrimination claim and retaliation claim focused on discrete occurrences; her pregnancy discrimination claim centered on involuntary maternity leave, while her retaliation claim was based on her termination. See Jones, 551 F.3d at 300.

While Tonkin relies heavily on Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), and Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), those cases are unavailing. Arbaugh does not address exhaustion of administrative remedies. Id. Moreover, we have noted that the holding in Zipes is limited to the untimeliness of an EEOC charge. Jones, 551 F.3d at 300, n.2.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED