Affirmed by unpublished PER CURIAM opinion. Judge FLOYD wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
After enduring unwanted, sexually-laden harassment by the general manager and a member of the board of the Kent Island Yacht Club, Inc., Victoria Tillbery, a waitress at the Yacht Club, complained to the EEOC on April 22, 2009, by filling out an online questionnaire. In the questionnaire, Tillbery stated that she was hired on July 1, 2006, and that the allegedly improper conduct took place on July 1, 2006. Naming Kevin Damas and Bob Schober as the persons responsible, she described their conduct: “Sexual language used; propositioned for money; display of doll for sexual purposes” and “Money for sex; just wanted sex.” When Tillbery filled out the questionnaire, she was represented by an attorney, who later wrote the Kent Island Yacht Club, demanding that the Club cease and desist in its sexual harassment of Tillbery.
Less than two weeks later, Tillbery filled out another EEOC questionnaire, but this time in person in the Baltimore office of the EEOC, giving essentially the same information that she had given on April 22, 2009. In response to this complaint, the EEOC sent the Kent Island Yacht Club a notice of the discrimination claim.
Finally, on June 27, 2009, Tillbery filed a formal charge with the EEOC, which she signed under the penalty of perjury. The charge stated: *290 In response to the charge, the EEOC sent Tillbery a right to sue letter on August 8, 2009, stating, “Your charge was not timely filed with the EEOC; in other words, you waited too long after the date of the alleged discrimination to file your charge.”
*289 On July 1, 2006, I was hired by the above referenced employer as a waitress. On this same date I was subjected to sexual harassment by Kevin Damass [sic] (General Manager) and Bob Shober [sic] (Rear Commodore). Sexual language was used, I was propositioned for money, and there was a display of a doll for sexual purposes.
*290 Tillbery commenced this action under Title VII of the Civil Rights Act of 1964 against the Kent Island Yacht Club on November 6, 2009. In her complaint, she alleged sexual harassment by both Damas and Schober, but she claimed that it took place between October 2008 and April 2009. The complaint also alleged that from May 2009 through October 2009, the Kent Island Yacht Club retaliated against her because of her EEOC complaint.
On Kent Island Yacht Club’s motion to dismiss or, in the alternative, for summary judgment, the district court dismissed the complaint for lack of subject matter jurisdiction, concluding that Tillbery had not exhausted her administrative remedies by first filing a charge with the EEOC with respect to the harassment that occurred between October 2008 and April 2009. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir.2009) (holding that a plaintiffs “failure ... to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim”). The court pointed out that in her EEOC questionnaires and formal charge, Tillbery described sexual harassment that took place on July 1, 2006, leading the agency to conclude that the charge was untimely. The conduct alleged in the complaint in this case, however, was described as having taken place between October 2008 and April 2009, and a charge about that conduct was never filed with the EEOC for investigation and possible administrative resolution.
Responding to Tillber/s contention that her use, in the EEOC questionnaires, of the July 1, 2006 date was merely a clerical error that had been repeated without correction in the formal charge, the court acknowledged that Tillbery was probably right. But the court observed that the effect of the error was substantive, frustrating the scheme designed by Congress for resolving such claims. As the court stated:
The requirement that a claimant inform the EEOC of the date(s) of the alleged discriminatory activity is not merely a technicality. Rather, such information notifies the agency of the scope of its investigation, and ultimately, the scope of a plaintiffs right to file a federal law suit is determined by the [EEOC] charge’s contents. Moreover, among the reasons Congress enacted Title VU’s exhaustion requirement was that the EEOC administrative process is typically better suited to ending discrimination than the ponderous pace of formal litigation, because the EEOC undertakes detailed investigations into potential discrimination claims before any suit is filed, both preserving judicial economy ... and helping prospective plaintiffs build their case.
(Internal quotation marks and citations omitted).
In short, Tillbery’s charge filed with the EEOC described sexual harassment on July 1, 2006, leading the EEOC to dismiss that charge as untimely. Yet in the complaint filed in this case, she alleged sexual harassment occurring during the period from October 2008 to April 2009, for which she never filed a charge with the EEOC, thereby denying the EEOC the opportunity to investigate and mediate the claim. Because she failed to exhaust her administrative remedies with respect to the 2008-09 conduct, the district court concluded that it was without subject matter jurisdiction.
*291 While the assumed clerical error is regretful, it was compounded by additional conduct. At the time Tillbery filed her complaint with the EEOC, she was represented by counsel. Moreover, she repeated the error in her second filing and again in her formal EEOC charge, where she stated under oath that the sexual harassment occurred on July 1, 2006. Finally, after the EEOC notified Tillbery and her counsel of the untimeliness of her claim, she still did not seek to correct the alleged error in her filings with the EEOC. See 29 C.F.R. § 1601.12 (allowing the correction of “technical defects or omissions” and providing that these corrections will “relate back to the date the charge was first received”).
The dissent concludes that the EEOC failed to perform its duty to investigate Tillbery’s charge after receiving it and that even a “minimal investigation” in this case would have “exposed the scrivener’s error” that Tillbery now claims occurred when she stated that the discrimination occurred in July 2006 rather than October 2008 and April 2009.
While we agree with our good colleague that the EEOC is given the task of investigating discrimination charges, we cannot agree that it needed to conduct more of an investigation than it did in this case. It was given no inkling of reason to question Tillbery’s claim that the discrimination occurred in July 2006, and without any reason to doubt the facts as claimed multiple times by Tillbery, even when represented by counsel, we cannot conclude that the EEOC’s investigation was not reasonable. From its point of view, the EEOC received a charge of discrimination occurring in July 2006 and reasonably concluded that because the charge for that discrimination was filed more than two years later, it was untimely. The dissent’s proposal to have the EEOC conduct a more expansive investigation would in principle require the EEOC to investigate independently even undisputed facts on every charge that it receives. This is clearly not required by law and, moreover, would be completely impractical, bringing the EEOC to its knees.
Having reviewed the record carefully and considered Tillbery’s arguments on appeal, we affirm for the reasons given by the district court in its thorough opinion. We do note, however, the possibility of some relief from the ill effects of the alleged clerical error, as Tillbery assures us that she has pending timely state court actions, which allege the same misconduct. We trust that she will pursue those so as to be able to present the merits of her claim for resolution.

AFFIRMED.