<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-2128**

───────────

VIRGINIA DIEPHEAL WHITAKER,

        Plaintiff – Appellant,

      v.

NASH COUNTY; NASH COUNTY DEPARTMENT OF SOCIAL SERVICES; MELVIA BATTS, Director; JOSIE GREEN, Food and Nutrition Supervisor,

        Defendants - Appellees.

───────────

**No. 12-2181**

───────────

VIRGINIA DIEPHEAL WHITAKER,

        Plaintiff – Appellant,

      v.

NASH COUNTY; NASH COUNTY DEPARTMENT OF SOCIAL SERVICES; MELVIA BATTS, Director; JOSIE GREEN, Food and Nutrition Supervisor,

        Defendants - Appellees.

───────────

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:11-cv-00055-FL; 5:11-cv-00015-FL)

───────────

Submitted: January 3, 2013      Decided: January 11, 2013

───────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Virginia Diepheal Whitaker, Appellant Pro Se. Mary Nell Craven, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Virginia Diepheal Whitaker appeals the district court's order granting summary judgment to the Defendants in her civil action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012), and her state law libel claims. On appeal, Whitaker challenges the district court's grant of summary judgment on her claims for retaliation, racial discrimination, creation of a hostile work environment, and religious discrimination. We affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

3

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . race." 42 U.S.C.A. § 2000e-2(a)(1). Where there is no direct evidence of discrimination, "a plaintiff may proceed under the [McDonnell Douglas] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted); see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Title VII also forbids an employer from retaliating against an employee through adverse employment actions because the employee engaged in protected conduct such as filing grievances alleging racial discrimination. King v. Rumsfeld, 328 F.3d 145, 150-51 (4th Cir. 2003). It is well established that, even under the McDonnell Douglas burden-shifting scheme, the ultimate burden of persuasion remains on the plaintiff at all times. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

The district court properly found that Whitaker suffered two adverse employment actions: failure to promote and termination. See James v. Booz-Allen & Hamilton, Inc., 368 F.3d

4

371, 375 (4th Cir. 2004) ("An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment.") (internal quotation marks and brackets omitted). We conclude that Whitaker has failed to demonstrate that the Defendants' legitimate, non-discriminatory reasons for failure to promote and her termination were pretextual, either for racial discrimination or retaliation.

In order to establish a claim for hostile work environment, Whitaker must demonstrate that: (1) she experienced unwelcome harassment; (2) based on race; (3) that was "sufficiently severe or pervasive" to alter the conditions of her employment and to create an "abusive atmosphere"; and (4) that this conduct was imputable on some basis to her employer. EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 175 (4th Cir. 2009). We find that the district court did not err when it dismissed Whitaker's claims because she did not establish the presence of conduct severe or pervasive enough to create a work environment both that she perceived as abusive and that a reasonable person would find hostile and abusive. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993).

Finally, we conclude that the district court did not err when it dismissed Whitaker's religious discrimination claim for failure to exhaust her administrative remedies. Under 42

5

U.S.C. § 2000e-5(e)(1) (2006), a Title VII charge must be filed with the EEOC within 180 days "after the alleged unlawful employment practice occurred," or with a state or local agency within 300 days of such practice. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Id. Whitaker did not indicate on her EEOC complaint that she had suffered religious discrimination. "[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis." Id.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED