**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-2501

_____

DENISE SHIPMAN,

             Plaintiff - Appellant,

      v.

UNITED PARCEL SERVICE, INC.,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (5:12-cv-00589-F)

_____

Submitted:  June 30, 2014        Decided:  August 5, 2014

_____

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sandra J. Polin, LAW OFFICE OF SANDRA J. POLIN, Raleigh, North
Carolina, for Appellant.  Charles A. Gartland, II, ALSTON &
BIRD, LLP, Washington, DC; Molly M. Jones, ALSTON & BIRD, LLP,
Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denise Shipman appeals the district court's order granting summary judgment to her former employer, the United Parcel Service, Inc. ("UPS"), on her claims of race, gender, and age discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2012), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621 to 634 (2012). The district court also granted summary judgment to UPS on Shipman's claims that UPS retaliated against her and fostered a hostile work environment. We affirm.

We review de novo a district court's order granting summary judgment. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Conclusory or speculative allegations do not suffice,

2

nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

First, Shipman contests the district court's determination that she failed to exhaust her administrative remedies with respect to her claims of retaliation and hostile work environment. However, because Shipman's charge filed with the Equal Employment Opportunity Commission ("EEOC") described only a single act of age, race, and sex discrimination, we conclude that the district court was correct. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 508-09 (4th Cir. 2005).

Also without merit is Shipman's suggestion that the district court erred in finding her claims of discriminatory treatment untimely to the extent they were based on disciplinary terminations Shipman experienced in March and August 2011. Shipman's reliance on the continuing violation theory is misplaced because her disparate treatment claims depended on three discrete acts of allegedly discriminatory discipline. Holland v. Wash. Homes, Inc., 487 F.3d 208, 219-20 (4th Cir. 2007); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).

3

Finally, we reject Shipman's contention that she was entitled to proceed to trial on her claim that her final discharge in January 2012 was discriminatory. Because Shipman produced no direct evidence that discrimination of any type motivated her final termination, the district court properly considered her claims under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc) (discussing framework); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-49 (2000); Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004).

Assuming here, as the district court did, that Shipman established a prima facie case, we agree that the evidence was insufficient to suggest pretext in UPS's stated reasons for Shipman's January 2012 discharge--namely dishonesty, falsification of records, and overall performance. Shipman's vague recounting of her brief conversations with several co-workers did not adequately indicate that UPS had cited them for immediately terminable misconduct comparable to that precipitating Shipman's final discharge. See Hill v. Michelin N. Am., Inc., 252 F.3d 307, 314-15 & n.3 (4th Cir. 2001). Moreover, standing alone, the fact that a grievance panel later concluded that dishonesty should not have been a basis for

4

Shipman's discharge does not suggest pretext.  See <u>DeJarnette v. Corning Inc.</u>, 133 F.3d 293, 298-99 (4th Cir. 1998).  Similarly, Shipman's brief allusion to evidence that she, at times, had disputes with or was mistreated by her various supervisors is unavailing, as such incidents are not generally probative of discrimination.  See <u>Love-Lane v. Martin</u>, 355 F.3d 766, 788-89 (4th Cir. 2004).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5