**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2253

FELICIA A. UNDERDUE,

            Plaintiff - Appellant,

      v.

WELLS FARGO BANK, N.A.; ILA N. PATEL; KENDRA BROWN; SUSAN
LYBRAND,

            Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:14-cv-00183-RJC)

Submitted:  March 30, 2015          Decided:  April 16, 2015

Before WILKINSON, NIEMEYER, and HARRIS, Circuit Judges.

Affirmed in part and affirmed as modified in part by unpublished
per curiam opinion.

Felicia A. Underdue, Appellant Pro Se.  Shalanna Lee Pirtle,
Keith Michael Weddington, PARKER, POE, ADAMS & BERNSTEIN, LLP,
Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felicia Ann Underdue appeals the district court's order dismissing her complaint against her former employer, Wells Fargo Bank, N.A., and three of her supervisors.[1] "Because the district court dismissed [Underdue's] claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, we review legal issues de novo and treat the facts alleged in the complaint as true." Nemphos v. Nestle Waters N. Am., Inc., 775 F.3d 616, 617 (4th Cir. 2015).

Initially, we conclude that the district court correctly dismissed the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2012), claims against Underdue's supervisors and the North Carolina tort claims in their entirety. Accordingly, we affirm the portions of the district court's order dismissing

---

[1] Although Underdue indicates in her informal brief that she is also seeking to appeal the district court's order denying her Federal Rule of Civil Procedure 59(e) motion, the informal brief may not serve as a notice of appeal because it was not filed within 30 days of the district court's entry of the order denying the motion. See Fed. R. App. P. 4(a)(1)(A) (providing 30-day appeal period); Smith v. Barry, 502 U.S. 244, 248-49 (1992) (holding that appellate brief may serve as notice of appeal provided it otherwise complies with rules governing proper timing and substance). Because Underdue did not file a separate notice of appeal of the order denying her Rule 59(e) motion, we lack jurisdiction to review that order. See Fed. R. App. P. 4(a)(4)(B)(ii).

those claims.[2]  Underdue v. Wells Fargo Bank, N.A., No. 3:14-cv-00183-RJC (W.D.N.C. Aug. 13, 2014).

We conclude, however, that the district court's assessment of the merits of Underdue's ADA claims against Wells Fargo was premature.  Underdue's complaint suffers from a more fundamental defect than failure to state a claim: it fails to establish the district court's subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1); Piney Run Pres. Ass'n v. Cnty. Comm'rs, 523 F.3d 453, 459 (4th Cir. 2008) (holding that it is plaintiff's burden to establish court's subject matter jurisdiction).  "[A] failure by the plaintiff to exhaust administrative remedies concerning a . . . claim deprives the federal courts of subject matter jurisdiction over the claim."  Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).  Thus, the district court only has jurisdiction over "those discrimination claims stated in the charge [filed with the Equal Employment Opportunity Commission ("EEOC")], those reasonably related to the original [charge], and those developed by reasonable investigation of the original [charge]."  Id. (internal quotation marks omitted).

---

[2] Underdue does not dispute on appeal the district court's dismissal of her claims under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 (2014), and has therefore forfeited appellate review of those claims. See 4th Cir. R. 34(b); Jackson v. Lightsey, 775 F.3d 170, 177 (4th Cir. 2014) ("[O]ur review is limited to issues preserved in [the informal] brief.").

3

Underdue did not provide any information as to the contents of the complaints she filed with the EEOC, so that the district court could assure that it had subject matter jurisdiction to assess the merits of Underdue's allegations.[3] Accordingly, we affirm the dismissal of the ADA claims against Wells Fargo on the alternative ground that Underdue failed to establish the district court's subject matter jurisdiction. See Ellis v. La.-Pac. Corp., 699 F.3d 778, 786 (4th Cir. 2012) ("This court is entitled to affirm the [district] court's judgment on alternate grounds, if such grounds are apparent from the record." (internal quotation marks omitted)). However, we affirm as modified to reflect that the dismissal of those claims is without prejudice. See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice, because a court

---

[3] The district court construed Underdue's ADA claims against Wells Fargo too narrowly. The complaint did not raise a failure to accommodate claim. Rather, liberally construing the complaint, Underdue alleged that the supervisors: (1) discriminated against her when they discovered her disability by denying her training opportunities that could have resulted in her promotion within the company; (2) created a hostile work environment that forced disabled employees to resign; and (3) retaliated against her for reporting issues to members of upper management or Human Resources. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe pro se documents liberally).

4

that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND</u>
<u>AFFIRMED AS MODIFIED IN PART</u>