THOMAS D. SCHROEDER, District Judge.
Plaintiff Andrew S. Thiessen brings suit against Defendant Stewart-Haas Racing, LLC ("Stewart-Haas") alleging employment discrimination based on disability. Specifically, Thiessen's complaint alleges failure to accommodate, failure to promote, retaliation, and wrongful discharge under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). (Doc. 2 at 7-10.) Before the court is Stewart-Hass's motion to dismiss Thiessen's failure to promote, retaliation, and wrongful discharge claims. (Doc. 13.) The motion has been fully briefed and is ready for decision. (Docs. 14, 17, 19.) For the reasons set forth below, the motion will be granted.
I. BACKGROUND
The complaint alleges the following facts, which are accepted as true and construed in the light most favorable to Thiessen for the purposes of the present motion:
Thiessen was employed by Stewart-Hass, which operates a number of professional racing teams (primarily in NASCAR), as a tear down technician from January 13, 2013, until January 31, 2017. (Doc. 2 ¶¶ 10-11.) This work involves the cutting of sharp sheet metal, and it is not uncommon for the technicians to get cut in the process. (Doc. 17-1 at 5.)
In November of 2015, Thiessen learned he was HIV positive. (Doc. 2 ¶ 14.) Around that time, he told Donna Lawing, Stewart-Haas's HR Director, of his diagnosis. (Id. ¶ 15.) Lawing kept this information confidential but instructed Thiessen to be careful in his work. (Id. ¶¶ 16-17.)
In December of 2015, Thiessen requested a transfer to the company's Suspension Department. (Id. ¶ 18.) Lawing told Thiessen she would need a new version of his resume in order for him to be transferred, despite the fact that she already had a copy and other employees had been transferred without having to provide an updated resume. (Id. ¶¶ 19-20.) Thiessen did not receive the requested transfer, and it appears that he never sent an updated resume to Lawing.
Sometime in April of 2016, Stewart-Haas conducted safety training for its employees. (Id. ¶ 21.) While this training included information on blood borne pathogens, it did not specifically cover HIV or AIDS or the ways these conditions can be *742 communicated. (Id. ¶ 22; Doc. 17-1 at 5.) As such, some of Thiessen's co-workers were uninformed on the ways HIV can be transferred to others. (Doc. 2 ¶ 23.)
In July of 2016, Thiessen confided in a co-worker that he had been diagnosed with HIV. (Id. ¶ 24.) By late 2016, it had become "common knowledge" among employees that Thiessen was HIV positive. (Id. ¶ 25.) Co-workers became afraid to work with him, for fear of being infected with HIV. (Id. ¶ 26.) At some point in 2016, some of Thiessen's co-workers went to the physician on staff and requested HIV tests to confirm they had not contracted HIV. (Id. ¶ 27.)
Around December of 2016, Thiessen asked to be transferred from his race team, the Sprint Cup Team, to Stewart-Haas's Ixfinity Team. (Id. ¶¶ 28-29.) This request was denied, and Thiessen was told that members of the Sprint Cup Team could not be transferred to the Ixfinity Team. (Id. ¶ 29.) However, Thiessen is aware of another Stewart-Haas employee who was allowed to make such a transfer. (Id. ¶ 30.)
On January 31, 2017, Thiessen was terminated for "creating an unsafe working environment for others" due to his physical impairment. (Doc. 2-3.) In its termination letter, Stewart-Hass stated that Thiessen had "expos[ed] other employees to blood borne pathogens in their workplace" and that management had received photographic evidence that he had dropped blood in his work area and failed to clean it up. (Id. ) Thiessen disputes the claim of photographic evidence, argues that he has never exposed other employees to blood borne pathogens, and claims that he was cut only once during the course of his employment and promptly "cleaned up the blood and bandaged the cut." (Doc. 2 ¶¶ 46, 48.)[1]
Prior to Thiessen's termination, his job performance had always met or exceeded Stewart-Haas's employment standards. (Id. ¶ 43.) Thiessen was also never given any formal warning, nor was he disciplined in any way, before he was terminated, in violation of Stewart-Haas's progressive disciplinary policy. (Id. ¶¶ 49-52.)
On May 6, 2017, Thiessen filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Stewart-Haas. (Doc. 2-1.) The charge alleges that that he had been fired as a result of his disability, but it makes no mention of a failure to accommodate, a failure to promote, or any form of retaliation. (Id. )[2] On October 23, 2017, the EEOC issued a right to sue letter. (Doc. 2-2.)
On November 17, 2017, Thiessen filed the present action, alleging failure to accommodate, failure to promote, retaliation, and wrongful discharge. (Doc. 2.) Stewart-Haas now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss all but the wrongful discharge claim on the grounds that the court lacks subject matter jurisdiction and, alternatively, moves pursuant to Rule 12(b)(6) to dismiss all but *743 the wrongful discharge claim on the grounds that the claims fail to state a claim upon which relief can be granted. (Id. )
II. ANALYSIS
A court must consider its subject matter jurisdiction as a "threshold matter" prior to addressing the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ; Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). "The plaintiff has the burden of proving that subject matter jurisdiction exists. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.' " Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) ) (internal citations omitted). A district court should grant a Rule 12(b)(1) motion if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id. (citing Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768 ).
"Modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the ADA incorporates that statute's enforcement procedures, id. § 12117(a), including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court, see id. § 2000e-5(b), (f)(1)." Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). Before filing a federal suit under the ADA, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 139 (4th Cir. 2007) (Title VII context); Snead v. Bd. of Educ. of Prince George's Cty., 815 F.Supp.2d 889, 894 (D. Md. 2011) ("Under [the ADA], the exhaustion requirements and filing procedures are identical to those applicable to claims under Title VII."). When a plaintiff files a lawsuit subsequently to having filed an EEOC charge, "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The EEOC charge must be sufficiently precise to identify the parties and "describe generally the actions or practices complained of." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may be maintained in a subsequent lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) ; Feldman v. Law Enf't Assocs. Corp., 779 F.Supp.2d 472, 485-86 (E.D.N.C. 2011) (noting that requirement that the EEOC charge be reasonably related to any subsequent civil suit also applies to suits brought under the ADA). "At the same time, however, lawyers do not typically complete the administrative charges, and so courts construe them liberally." Chacko, 429 F.3d at 509 (citing Alvarado v. Bd. of Trs. of Montgomery Cmty Coll., 848 F.2d 457, 460 (4th Cir. 1988) ).
The court is not "at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) As such, the "factual allegations made in the formal litigation must correspond to those set forth in the administrative charge." Chacko, 429 F.3d at 509. Further, "[a] claim will also typically *744 be barred if the administrative charge alleges one type of discrimination-such as discriminatory failure to promote-and the claim encompasses another type-such as discrimination in pay and benefits." Id. Where the charge references "different time frames, actors, and discriminatory conduct than the central factual allegations in [plaintiff's] formal suit," it fails to exhaust the claim. Id. at 506.
Stewart-Haas argues that Thiessen's EEOC charge did not include any allegations as to a failure to accommodate, failure to promote, or retaliation claim and that this court therefore lacks subject matter jurisdiction over those claims. (Doc. 14 at 9-12.) Thiessen argues that his EEOC charge gives rise to all of the claims he brings. (Doc. 18 at 9.) Specifically, he argues that he checked the "Disability" discrimination box on the EEOC charge and that there were no boxes for "Failure to Promote," "Wrongful Discharge," or "ADA Retaliation." (Id. ) He also argues that his requests to be transferred to other departments should give rise to his failure to promote and failure to accommodate claims. (Id. at 11.)
The court agrees with Stewart-Haas. Thiessen has failed to exhaust his administrative remedies with respect to his failure to accommodate, failure to promote, and retaliation claims. The EEOC charge giving rise to Thiessen's complaint contains only a brief description of his claim and alleges only that he was "terminated for creating an unsafe working environment for other employees due to [his] physical impairment." (Doc. 2-1.) The charge makes no mention whatsoever of any request for accommodation, any request for promotion, or any form of a claim of retaliation for having engaged in a protected activity. (Id. ) Further, while Thiessen argues that there is no box to indicate that he is complaining of "ADA Retaliation," there is a box labeled "Retaliation"-which Thiessen chose to leave blank. (Id. ) Plainly, the EEOC charge complains only of a single wrongful discharge.
Moreover, there is nothing in the charge to indicate that Thiessen's other claims are "reasonably related" to his claim for wrongful discharge. Evans, 80 F.3d at 963. Thiessen's EEOC charge mentions only his wrongful discharge claim. His new claims involve different time frames, actors, and discriminatory conduct. For example, Plaintiff was terminated January 31, 2017. (Doc. 2 ¶ 31.) Thiessen's lawsuit alleges a failure to transfer in December 2015 and December 2016 (id. ¶¶ 18, 28), and the failures to promote allegedly occurred during several unidentified conversations "with Defendant" and "on several occasions" (id. ¶ 65). The new claims also involve different actors. Clyde McLeod terminated Thiessen (Doc. 2-3), whereas Thiessen allegedly asked Donna Lawing to be transferred (Doc. 2 ¶¶ 18, 28). And the new claims allege different discriminatory conduct-failure to promote, failure to accommodate, and retaliation. While these are all allegedly based on violations of the ADA, they allege claims that exceed the scope of his charge and would not have been developed by a reasonable investigation. See, e.g., Chacko, 429 F.3d at 506 (finding allegations of national origin epithets by coworkers not covered by EEOC charge alleging three specific confrontations with supervisors not involving national origin slurs); Rosier v. TargetX, No. 2:17-CV-1306-RMG-MGB, 2018 WL 1832998, at *2-3 (D.S.C. Mar. 28, 2018), report and recommendation adopted sub nom. Rosier v. TargetX; TargetX.com, No. 2:17-CV-1306, 2018 WL 1832315 (D.S.C. Apr. 17, 2018) (finding complaint alleging retaliation for "requesting accommodations" not reasonably related to plaintiff's EEOC charge, where retaliation box was not checked and the narrative portion of the charge stated that plaintiff was terminated and discriminated *745 against as a result of his disability, without reference to accommodation or retaliation); Tran v. Norvo Nordisk Pharm. Indus., No. 5:14-CV-FL, 2016 WL 1559137, at *11-12, 2016 U.S. Dist. LEXIS 51623, at *34 (E.D.N.C. April 16, 2016) (rejecting attempt to expand EEOC charge alleging wrongful termination to include failure to accommodate claim); Keener v. Universal Companies, Inc., 128 F.Supp.3d 902, 914 (M.D.N.C. 2015) (noting that, where the EEOC charge alleged plaintiff was "discriminated against due to [her] sex," "a reasonable investigation of Plaintiff's statement that she had been discriminated against on the basis of sex would not have 'uncovered the factual allegations' giving rise to Plaintiff's claim of sexual harassment") (citations omitted); Harvey v. Burlington Coat Factory, No. 1:13-CV-1107, 2015 WL 2238011, at *2 (M.D.N.C. May 12, 2015) (finding that EEOC charge alleging that plaintiff had been given reduced hours and terminated as a result of disability discrimination did not exhaust plaintiff's administrative remedies for accommodation claim because "[n]owhere in the EEOC charge does [plaintiff] describe her medical conditions or mention that she required, requested, or was refused accommodation"); Johnson v. SecTek, Inc., No. ELH-13-3798, 2015 WL 502963, at *6 (D. Md. Feb. 4, 2015) (finding failure to accommodate claim not reasonably related to EEOC charge of discriminatory discharge); Bennett v. Kaiser Permanente, 931 F.Supp.2d 697, 704 (D. Md. 2013) (finding failure to accommodate claim not reasonably related to EEOC charge of discriminatory discipline and discharge).
Thiessen argues that Stewart-Haas's communications in response to the EEOC charge indicate that the failure to accommodate and failure to promote claims are reasonably related to the EEOC complaint. (Doc. 18 at 10-11.) However, those communications only confirm that "Thiessen did not make a request for any type of accommodation whatsoever" during the conciliation process. (Doc. 17-1 at 4.) Rather than supporting Thiessen's arguments, this communication only confirms that an accommodation claim was never investigated or raised and is unrelated to the charge.
For these reasons, and given the admonition not "to read into administrative charges allegations they do not contain," the court concludes that Thiessen has only exhausted his administrative remedies with respect to his wrongful discharge claim. Balas, 711 F.3d at 408. As such, the court lacks subject matter jurisdiction over the other claims he alleges in his current complaint before this court. Evans, 166 F.3d at 647.
III. CONCLUSION
For the reasons stated,
IT IS ORDERED that because the court lacks subject matter jurisdiction over Thiessen's failure to accommodate, failure to promote, and retaliation claims, Stewart-Haas's motion to dismiss (Doc. 13) is GRANTED, and those claims are DISMISSED WITHOUT PREJUDICE.[3]

While the parties do not agree, the court accepts Thiessen's account as true for purposes of the present motion.

The charge stated that Thiessen "was informed that [he] was being terminated for creating an unsafe working environment for other employees due to [his] physical impairment," that he was "aware of other employees who [had] been involved in similar violations, but were not discharged as [he] was," and that Stewart-Haas "failed to provide [him with] any objective evidence which was used as the basis of [his] termination." (Doc. 2-1.) Further, the only date in the EEOC charge is the date Thiessen learned of his termination, and Thiessen checked only the box stating that he was being discriminated against on the basis of his "disability." (Id. ) The box labeled "retaliation" was left unchecked. (Id. )

"A dismissal for lack of standing-or any other defect in subject matter jurisdiction-must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ; see, e.g., Hughes v. Mountain River Trucking Co., Inc., No. 1:10-CV-889, 2012 WL 13035399, at *2 (M.D.N.C. Jan. 4, 2012) (dismissing without prejudice claims that were not reasonably related to a plaintiff's EEOC charge for lack of subject matter jurisdiction).